**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW MOUA, ) | 1:06-cv-0216 OWW SMS |
| ) | |
| Plaintiffs, ) | SCHEDULING CONFERENCE ORDER |
| ) | |
| v. ) | Discovery Cut-Off: 6/29/07 |
| ) | |
| L. McABEE; CITY OF MERCED; and ) UNKNOWN MERCED POLICE OFFICERS ) DOES 1-20, ) | Non-Dispositive Motion Filing Deadline: 7/16/07 |
| ) | Dispositive Motion Filing |
| Defendants. ) | Deadline: 7/30/07 |
| ) | |
| ) | Settlement Conference Date: 7/10/07 10:00 Ctrm. 7 |
| | |
| | Pre-Trial Conference Date: 10/29/07 11:00 Ctrm. 3 |
| | |
| | Trial Date: 12/4/07 9:00 Ctrm. 3 (JT-6 days) |

I.   Date of Scheduling Conference.

     August 18, 2006.

II.  Appearances Of Counsel.

     James Holland, Esq., appeared on behalf of Plaintiff.

     Low, Ball & Lynch by Dale L. Allen, Esq., appeared on behalf of Defendants.

III. Summary of Pleadings.

     1.   Plaintiff Andrew Moua is the brother of Chou Moua.  Mr.

1

Chou Moua lived with his brother, Andrew, as well as other family members.  Mr. Chou Moua was on probation and subject to a probationary search condition.  Law enforcement officers, including officers of the Merced Police Department, conducted a probationary search on the residence of Mr. Chou Moua.  During the course of the search, officers entered the bedroom of Mr. Andrew Moua and discovered an alleged weapon that the officers believed was in violation of California Penal Code Section 12021.

2.   Mr. Andrew Moua was placed under arrest and transported and booked for the alleged violation.

3.   On or about February 24, 2005, individual Defendant-Officers of the Defendant City of Merced searched the home in which Plaintiff resided with his family and girlfriend, because Plaintiff's brother was on probation at the time.  No search warrant governed this search.

4.   The bedroom in which Plaintiff and his girlfriend resided in the family home was sufficiently separate, closed off from, and/or locked separate from the remainder of the home that Plaintiff and his girlfriend possessed a reasonable expectation of privacy in that room.  Although Defendant officers were informed that Plaintiff's room was locked separate from the remainder of the home, and that Plaintiff resided and was sleeping there and his girlfriend was staying there, Defendants entered said room without legal justification.

5.   Upon entering Plaintiff's room, Defendants observed that Plaintiff was Asian and that his girlfriend was Caucasian.  Thereupon, Defendants searched Plaintiff's room, over his and his girlfriend's objection, in an unreasonable manner.  Defendants

2

1  confiscated personal property belonging to Plaintiff, from his
2  room, and arrested and incarcerated Plaintiff on false charges,
3  causing Plaintiff to incur about $1,000 in bail bond, and other
4  expenses.

    6.   No criminal charges were ever formally filed against Plaintiff on the basis of Defendant's arrest.

    7.   Multiple requests for the law enforcement report documenting the Defendants' search and presumably containing the names of the involved officers, were refused.  It is believed that in retaliation for requesting the report, Defendants City of Merced and unknown officers sought to have the District Attorney's Office reverse its earlier decision not to file or pursue criminal charges against Plaintiff, by filing and pursuing criminal charges against Plaintiff.

    8.   Plaintiff alleges that the foregoing actions of Defendants constituted violations of Plaintiffs' Fourth Amendment rights:

    -to be free from warrantless searches of areas of Plaintiff's residence in which Plaintiff had a reasonable expectation of privacy;

    -to be free from unreasonable detention and from excessive exertion of force under color of state law and without probable cause or legal justification; and

    -to be free from false arrest and consequent imprisonment under color of state law and without probable cause or legal justification.

    9.   Plaintiff further alleges these foregoing actions of the Defendants were occasioned as a result of Defendant offices'

3

racial or ethnic discrimination against Plaintiff, in violation of Plaintiff's Fourteenth Amendment rights, and that these actions also violated his First Amendment rights to association regardless of his, or his girlfriend's, race or ethnicity.

10. Plaintiff includes allegations that Defendant City is liable under *Monell*, for having condoned, allowed, and/or tacitly encouraged by way of neglecting duties to reasonably educate, train, direct, supervise, discipline or control, the discriminatory actions that are alleged to have been perpetrated by Defendant individual officers.

Second Court - Common Law Torts

11. Plaintiff alleges that the actions of individual Defendants stated in Count One also constitute the common law torts of trespass, trespass to chattel and conversion, violation of privacy, false arrest, false imprisonment, harassment, and infliction of emotional distress.

Third Count - California Statutory Actions

12. Plaintiff alleges that the actions of individual Defendants stated in Count One also constitute violations of the California Constitution (Art. 1, § 2, free speech rights; Art. I § 13, probable cause for arrest), and Cal. Civil Code § 52.1 (the 'Bane Act,' which prohibits any person from interfering or attempting to interfere by threats, intimidation or coercion, with the free exercise of rights secured by the Constitution or laws of the United States or of California.  The Bane Act provides remedies including injunctive relief, special, general and exemplary damages, $25,000 civil penalties, and attorney's fees.

13.  Defendants claim that the door into Andrew Moua's room was open, and that Chou Moua had access to this room.  Defendants claim that the weapons seized were in plain view and that Andrew Moua acknowledged the weapons belonged to him.  Defendants claim that all actions taken during the arrest of Mr. Moua were calm and deliberate and the force used was appropriate for the arrest.

14.  Plaintiff claims that a warrantless and legally unjustified entry was made; over objection, and search was conducted of his room, that he was unreasonably detained and unlawfully arrested and that the detention and arrest were discriminatory in nature under the Fourth and Fourteenth Amendments of the United States Constitution.  Plaintiff further asserts that the actions of the officers also constitute state and common law violations, including trespass, trespass to chattel and conversion, violation of privacy, false arrest, false imprisonment, harassment, infliction of emotional distress, and violation of the Bane Act (Cal. Civil Code 52.1), which prohibits interference by threats, intimidation or coercion, with the free exercise of rights secured by the Constitution or laws of the United States or California.  Plaintiff also asserts that Defendant City of Merced improperly rebuffed early, pre-filing efforts to secure a copy of the arrest/incident report, and retaliated against these efforts by requesting re-review by the District Attorney's Office.

15.  Defendants alleged that the arrest was based upon probable cause.  Defendants deny that the arrest was racially motivated and that the items confiscated were illegal under the laws of the State of California.

**IV.   Orders Re Amendments To Pleadings.**

    1.   Plaintiff contemplates the likelihood that leave to amend will be sought to join additional officers.  The parties agree that either a stipulation or motion to amend shall be filed within sixty (60) days on or before October 20, 2006.

    2.   The parties do request participation in the Early Neutral Evaluation Program and that will be assigned by the Courtroom Deputy Clerk.

**V.   Factual Summary.**

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   To be supplied.

    B.   Contested Facts.

        1.   All other facts are contested.

**VI.   Legal Issues.**

    A.   Uncontested.

        1.   Jurisdiction exists under 28 U.S.C. § 1331.

        2.   Venue is proper under 28 U.S.C. § 1391.

        3.   As to supplemental claims, the parties agree that the substantive law of the State of California provides the rule of decision.

    B.   Contested.

        1.   All other legal issues are disputed.

**VII.   Consent to Magistrate Judge Jurisdiction.**

    1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

**VIII.   Corporate Identification Statement.**

    1.   Any nongovernmental corporate party to any action in

6

this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

    1.    The parties agree to the following discovery plan pending Plaintiff's decision on additional parties:

        a.    Ten depositions per side.  This subject to amendment pending the identification and inclusion of new parties;

        b.    Thirty-five written interrogatories per side;

        c.    thirty-five document demands per side;

        d.    Thirty-five request for admissions per side;

    2.    The parties are ordered to complete all discovery on or before June 29, 2007.

    3.    The parties are directed to disclose all expert witnesses, in writing, on or before April 2, 2007.  Any supplemental expert disclosures will be made on or before May 1, 2007.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not

disclosed pursuant to this order.

    4.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

**X.   Pre-Trial Motion Schedule.**

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before July 16, 2007, and heard on August 17, 2007, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than July 30, 2007, and will be heard on September 10, 2007, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

**XI.   Pre-Trial Conference Date.**

    1.   October 29, 2007, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.    Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Trial Date.

    1.    December 4, 2007, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    This is a jury trial.

    3.    Counsels' Estimate Of Trial Time:

        a.    6 days.

    4.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIII.    Settlement Conference.

    1.    A Settlement Conference is scheduled for July 10, 2007, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

    2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is

9

allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

   e. The relief sought.

   f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

 1. None.

XV. Related Matters Pending.

 1. There are no related matters.

XVI. Compliance With Federal Procedure.

 1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVII. Effect Of This Order.

 1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

 2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by

**affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

    **3.   Failure to comply with this order may result in the imposition of sanctions.**

IT IS SO ORDERED.

**Dated:   August 18, 2006**                    **/s/ Oliver W. Wanger**
emm0d6                                    UNITED STATES DISTRICT JUDGE